**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kayle Adams, et al., )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>American Family Mutual Insurance, Co., )<br>)<br>    Defendant. )<br>)<br>_____ ) | No.  CIV 04-1659-PCT-DKD<br><br>**PROTECTIVE ORDER REGARDING CLAIMS PROCEDURES AND TRAINING DOCUMENTS** |

NOW this matter comes on the Joint Motion for Protective Order filed by the parties. The Court, having reviewed the Motion, concludes that Plaintiffs have requested copies of Defendant's claims handling guidelines and practices and training materials (the "Protected Documents"); the Protected Documents contain information of a confidential and/or proprietary nature; and Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of pertinent information in appropriate circumstances.

IT IS THEREFORE ORDERED:

1.  The Joint Motion for Protective Order should be and is hereby granted;

2.  Production of the Protected Documents shall be governed by the terms and conditions prescribed herein;

3.  The Protected Documents and their contents shall be used solely for the purpose of this litigation;

4.  "Qualified person" as used herein means an individual who is:

    (a) Outside counsel employed by a party to this litigation, or an employee of such counsel to whom it is necessary that the Protected Documents be shown for purposes of this litigation;

      (b)    Party or a representative of a party;

      (c)    Any other person who is designated as a qualified person by order of this Court, after notice to all parties; or

      (d)    Designated or consulting experts.

5. The Protected Documents and their contents shall not be made available to persons other than qualified persons or the party who produced the confidential information.

6. All qualified persons to whom the Protected Documents or their contents are to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Order, such persons may not copy, divulge or disseminate the Protected Documents or their contents to any other person or persons. Plaintiff's counsel of record shall secure from each such person a signed, written statement attached hereto as Exhibit "A." Plaintiff's counsel of record shall not be required to sign the written statement attached hereto as Exhibit "A." Signature of Plaintiff's counsel of record on the joint motion in support of this protective order shall serve as sufficient notice.

7. Any document filed with the Court that references the Protected Documents, whether a memorandum of points and authorities, a deposition transcript, or otherwise, shall have deleted, from the original filed document only, just those specific paragraphs or sentences containing the confidential information and those paragraphs or sentences shall be filed separately in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and an appropriate designation regarding the confidential nature of the contents. A blank space shall be inserted at the site of the deletion in the original document, which shall contain the notation that the confidential information has been deleted and filed separately under seal. The Judge's copy of the filed documents shall not contain any deletions, but the paragraphs deleted from the original document shall be double underlined on the Judge's copy and a notation placed on those pages that confidential information is contained therein.

8. Nothing shall prevent disclosure beyond the terms of this Order if defendant consents to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

9. At the conclusion of this litigation, the originals or reproductions of the Protected Documents shall be returned to defendant and shall not be disclosed to anyone not designated as a "qualified person" under this Order. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction of documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that Plaintiffs may seek the written permission of Defendant or further order of the Court with respect to dissolution or modification of this Order.

DATED this 21st day of June, 2006.

David K. Duncan
United States Magistrate Judge